BREAUX, C. J.
Plaintiff brought this suit on a policy in the sum of $40,000, issued to her late husband on the 7th day of December, 1900, in which she is named as the beneficiary.
The policy contained a nonforfeitable stipulation after the payment of the first three premiums, and it secured to the insured the right to demand from the defendant either a cash loan of $1,373, a paid-up policy for the $2,960, or to have the policy automatically extended for a period of three years and two months from the date of the payment of the third premium.
The insured did not demand the cash, or the paid-up policy, but chose to take advantage of the provision which enabled him to have the policy automatically extended for three years and two months from December 7, 1902.
Plaintiff’s husband died December 17, 1905.
She claims that at death the policy was binding on the defendant; that the time limit had not expired.
The defendant filed an exception of want of jurisdiction, ratione person®, which was overruled by the court.
The ground of the exception was that, under the general law, the company should be sued at the domicile of its general agent, or that of the Secretary of State, and not at the domicile of the insured.
St. Landry was the parish in which the insured resided at the date of his death. Of this, later.
The defendant also filed an exception of no cause of action.
This exception also will be considered later.
The plaintiff filed an answer, and pleaded the general issue.
After admitting the execution and delivery of the policy, defendant’s contention is that *613 the policy had been forfeited and was¡ null and void by reason of the following:
Two premiums were paid, one-fifth of which was represented by premium loans, which were never paid. That payment of the third premium which was due December 7, 1902, was extended to June 1, 1903, and re-extended from the last-mentioned date to December 1, 1903. That on December 1, 1902, the insured executed his note for $721.61, being the amount of the annual premium due December 7, 1902, less 20 per cent, carried as a premium loan on the policy, payable December 1, 1903, and that on June 1, 1903, the insured in renewal executed a new note in favor of the defendant for the same amount, payable December 1, 1903.
Thp following is a clause on these notes written:
“This note is given for premium on policy No. 112,016 for forty' thousand dollars, issued by the Fidelity Mutual Life Insurance Company, and, if not paid at maturity, it is expressly agreed that the above numbered policy shall he ipso facto null and void without notice to the maker hereof, and without any act on the part of the company and shall remain so until reinstated as provided by its terms.”
That the note was not paid and that the policy fell. That the insured was duly notified of the forfeiture because of nonpayment of the note at maturity.
The claim was afterward set up by the defendant: That the insured none the less owed the note for the protection that the policy afforded before its forfeiture. That subsequently payment was insisted upon with the understanding that the policy had been forfeited by the nonpayment of the note at maturity.
That, because of the understanding before mentioned, defendant extended the time for payment of said note, and, after the expiration of the extension, it was paid.
That none of the premiums due on the policy subsequent to the one due December 7, 1902, were paid.
The defendant’s further ground is that plaintiff could not recover on the policy because it was not free from debt, by reason of the fact that the insured owed the premium loans, and for the further reason that after deducting the premium loans on the policy, the extended insurance which the payments actually made would have purchased under the terms of the nonforfeiture clause would have expired many months before the death of the insured, and that for that reason the plaintiff is not entitled to recover on the policy. It was not in force at the date of the death of the insured.
The facts being sufficiently detailed in the foregoing, we return to the exception of want of jurisdiction.
As relates to suits on a policy of insurance, the provision contained in No. 105, p. 132, Acts 1898, is that defendant may be sued either at the domicile of the insurance company or at the place where its principal agency is established, or in the parish where the loss has occurred, or, in the case of life insurance, at the domicile of the deceased, whether the loss be in a fire or on loss of life.
The defendant submits that the foregoing provisions were repealed by the first provision of the act of 189S, of which the following is a copy:
“Provided the provisions of this section shall not be construed to interfere with the rights to sue insurance companies at the place of loss, as provided by law.”
The position is that suit can be brought against the company on the policy it has issued in the parish of the domicile, the domicile of the assured, but that the place of “loss” might not necessarily be his domicile.
The plaintiff alleged that the insured died in the parish of St. Landry, in which he resided.
The correctness of the allegation was admitted for the trial of the exception.
As the suit was brought at the domicile, and as the place of “loss” was not different *615 from the. domicile, defendant’s theory has nothing upon which to stand. There might be a ground for a moment’s argument when the insured dies away from the place of his domicile, and seeks to recover on a policy at the place of death.
That was not the case here.